IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI S. K. YOUNG,<br><br>    Plaintiff,<br><br> vs.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | No. C 11-02825 EJD (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND; ADDRESSING PENDING MOTIONS<br><br><br><br>(Docket Nos. 9, 10 & 12) |

Plaintiff, an inmate currently incarcerated at the Pelican Bay State Prison ("PBSP"), in Crescent City, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against PBSP officials for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order. Plaintiff has also filed motions for the U.S. Marshals to serve summons and complaint on Defendants, (Docket Nos. 9 & 12), and a motion for a temporary restraining order, (Docket No. 10).

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

Order of Dismissal with Leave to Amend; Addressing Pending Motions
02825Young_dwlta.wpd            1

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.  Plaintiff's Claims**

In his "statement of claim," Plaintiff presents seven claims from separate incidents that occurred or are ongoing from 1993 to current: (1) the denial of "single cell status" on April 8, 2010, based on an alleged conspiracy by PBSP officials to harm or murder Plaintiff, (Compl. at 5); (2) denial of outdoor exercise for 45 days, from July 12, 2010 to August 27, 2010, (id. at 6-7); (3) the unlawful denial of inmate appeals for "non-substantiated reasons" on May 15, 2008 and May 4, 2011, (id. at 7); (4) Defendants used "falsified documents and records resulting in [Plaintiff's] false imprisonment and conviction for a crime [he] did not commit" by entering such information into the "prison system" in January 2008, (id. at 8) ; (5) prison staff has been interfering with his mail since his incarceration on December 27, 1993, (id. at 9); (6) as of June 30, 2010, Defendants have been responsible for "prison overcrowdedness and the medical and mental health deprivation," (id. at 10); and (7) Defendants are liable "beginning on 8-29-2007, up and continuing past May 29th, 2011" for "ongoing violations of [Plaintiff's] United State constitutional rights" in their individual and official capacities, (id. at 11).

Federal Rule of Civil Procedure 20 allows persons to be joined in one action as defendants so long as: (1) the right to relief asserted against each defendant arises out of

or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action. See Fed. R. Civ. P. 20(a)(2).

On its face, Plaintiff's complaint appears to violate Federal Rule of Civil Procedure 20(a)(2) because he alleges unrelated claims that do not contain a question of law or fact that is common to all Defendants. Furthermore, claim 7 is no more than a blanket assertion that he has met the minimum pleading requirements under §§ 1915(A)(2) and 1915(A)(b)(1), which is not per se a separate claim. Lastly, with respect to claim 4, Plaintiff is advised that he must raise any challenge regarding the fact or length of his confinement separately in a petition for a writ of habeas corpus before he can move forward with a claim for damages under § 1983. See Hill v. McDonough, 547 U.S. 573, 579 (2006); Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997).[1]

For the foregoing reasons, Plaintiff's Complaint is DISMISSED with LEAVE TO AMEND within thirty (30) days of the date of this Order.

## C.     Motion for Temporary Restraining Order

Plaintiff has filed a motion for a temporary restraining order ("TRO"). (Docket No. 10.) A request for TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed. R. Civ. P. 65(b).

---

[1] In addition, Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

1    Although Plaintiff swears under penalty of perjury that the information contained
2 in his pleadings is true and correct, and thus the pleadings may be deemed affidavits, it
3 does not clearly appear from the pleadings that Plaintiff will suffer immediate injury
4 before the Defendants can be given an opportunity to respond. In light of these
5 circumstances, the Court DENIES Plaintiff's request for a TRO, (Docket No. 10), as
6 premature.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.    The complaint is DISMISSED WITH LEAVE TO FILE AN AMENDED COMPLAINT **within thirty (30) days** from the date this order is filed, containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action. See Fed. R. Civ. P. 20(a)(2). The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights. See Fed. R. Civ. P. 8(a)(2). The amended complaint must include the caption and civil case number used in this order (11-02825 EJD (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Claims and defendants not included in the First Amended Complaint will not be considered by the Court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff is advised that he may only allege claims in a single action that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. See Fed. R. Civ. P. 20(a)(2). Plaintiff must file individual actions for unrelated claims against unrelated Defendants. He also must either pay the $ 350.00 filing fee, or file a completed

1  court- approved in forma pauperis application, for each separately-filed action. See 28
2  U.S.C. § 1915.
3  **Failure to file a proper amended complaint in the time provided will result in**
4  **the dismissal of this action without further notice to Plaintiff.**
5      2.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must
6  keep the Court informed of any change of address by filing a separate paper with the clerk
7  headed "Notice of Change of Address." He must comply with the Court's orders in a
8  timely fashion or ask for an extension of time to do so. Failure to comply may result in
9  the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
10     3.     Plaintiff's motion for a TRO, (Docket No. 10), is DENIED.
11     4.     Plaintiff's motions for service of his complaint, (Docket Nos. 9 & 12), are
12 DENIED as premature. The Court will order service after determining whether his first
13 amended complaint states cognizable claims.
14     The Clerk shall enclose two copies of the court's form complaint with a copy of
15 this order to Plaintiff.
16     This order terminates Docket Nos. 9, 10.
17
18 DATED:   11/8/2011                       EDWARD J. DAVILA
19                                       United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ZURI SANAKABISA YOUNG,

        Plaintiff,

  v.

MATTHEW CATE, et al.,

        Defendants.

Case Number: CV11-02825 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 11/14/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Zuri S.K. Young J-03193
Pelican Bay State Prison
5905 lake Earl Drive
PO Box 7500
B3 2246
Crescent City, CA 95532

Dated: 11/14/2011

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk