1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| ZURI S. K. YOUNG,        ) | No.  C 11-02825 EJD (PR) |
|           ) | |
|        Plaintiff,      ) | ORDER OF DISMISSAL WITH |
|           ) | LEAVE TO AMEND |
|   vs.          ) | |
|           ) | |
| MATTHEW CATE, et al.,     ) | |
|        Defendants.    ) | |
| _____) | |

18
19
20
21
22
23
24

Plaintiff, an inmate currently incarcerated at the Pelican Bay State Prison ("PBSP"), in Crescent City, filed the instant civil rights action in pro se pursuant to 42 U.S.C. § 1983 against PBSP officials for unconstitutional acts.   The Court dismissed the complaint with leave to amend because the complaint on its face violated the pleading requirements under Federal Rule of Civil Procedure 20(a)(2).  (See Docket No. 14.)  The Court will now conduct its initial review of the amended complaint.  (Docket No. 18.)

25
26

**DISCUSSION**

27

A.   **Standard of Review**

28

Federal courts must engage in a preliminary screening of cases in which prisoners

1  seek redress from a governmental entity or officer or employee of a governmental entity.

2  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

3  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief

4  may be granted, or seek monetary relief from a defendant who is immune from such

5  relief.  Id. at 1915A(b)(1),(2).

6      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person

7  acting under the color of state law committed a violation of a right secured by the

8  Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  Pro se

9  pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

10  699 (9th Cir. 1990).

11  **B.**     **Plaintiff's Claims**

12      Plaintiff was advised in the Court's Order of Dismissal with Leave to Amend that

13  his complaint, on its face, violated Federal Rule of Civil Procedure 20(a)(2) because he

14  alleged unrelated claims that do not contain a question of law or fact that is common to all

15  Defendants.  He was directed to file an amended complaint to correct this deficiency.

16  However, his amended complaint is virtually identical to the original complaint, and

17  thereby violates Rule 20(a)(2).

18      In the interest of justice, the Court will grant Plaintiff one more opportunity to file

19  an amended complaint to comply with Rule 20(a)(2), *i.e.*, to allege claims in one action as

20  to multiple defendants so long as **both** the following requirements are met:  (1) the right

21  to relief asserted against each defendant arises out of or relates to the same transaction or

22  occurrence, or series of transactions or occurrences; and (2) a question of law or fact

23  common to all defendants arises in the action.  See Fed. R. Civ. P. 20(a)(2).

24      In his "statement of claim," Plaintiff presents seven claims from separate incidents

25  that occurred or are ongoing from 1993 to current: (1) the denial of "single cell status,"

26  based on an alleged conspiracy by PBSP officials to harm or murder Plaintiff, (Compl. at

27  5); (2) denial of outdoor exercise for 45 days, from July 12, 2010 to August 27, 2010, (id.

28  at 6-7); (3) the unlawful denial of inmate appeals for "non-substantiated reasons" on May

15, 2008 and May 4, 2011, (id. at 7); (4) Defendants used "falsified documents and records resulting in [Plaintiff's] false imprisonment and conviction for a crime [he] did not commit" by entering such information into the "prison system" in January 2008, (id. at 8) ; (5) prison staff has been interfering with his mail since his incarceration on December 27, 1993, (id. at 9); (6) as of June 30, 2010, Defendants have been responsible for "prison overcrowdedness and the medical and mental health deprivation," (id. at 10); and (7) Defendants are liable "beginning on 8-29-2007, up and continuing past May 29th, 2011" for "ongoing violations of [Plaintiff's] United State constitutional rights" in their individual and official capacities, (id. at 11).

Claim 4 is dismissed to being raised first in a habeas action, challenging the fact or length of his confinement.[1]  See Hill v. McDonough, 547 U.S. 573, 579 (2006); Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997).  Claim 7 is dismissed for failure to state a claim, as being no more than a blanket assertion that he has met the minimum pleading requirements under §§ 1915(A)(2) and 1915(A)(b)(1), which is not per se a separate claim.  Liberally construed, claims 1, 2, 3, 5 and 6 appear to state cognizable claims.  However, Plaintiff may only proceed on ONE of these claims as they are otherwise unrelated and involve different defendants.

For the foregoing reasons, Plaintiff's first amended complaint is DISMISSED with LEAVE TO AMEND within thirty (30) days of the date of this Order.

///

///

**CONCLUSION**

---

[1] In addition, Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Id. at 487.

For the reasons stated above, the Court orders as follows:

1.     The complaint is DISMISSED WITH LEAVE TO FILE A SECOND AMENDED COMPLAINT **within thirty (30) days** from the date this order is filed, containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action.  See Fed. R. Civ. P. 20(a)(2).  The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights.  See Fed. R. Civ. P. 8(a)(2).  The amended complaint must include the caption and civil case number used in this order (11-02825 EJD (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  Claims and defendants not included in the First Amended Complaint will not be considered by the Court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff is advised that he may only allege claims in a single action that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein.  See Fed. R. Civ. P. 20(a)(2).  Plaintiff must file individual actions for unrelated claims against unrelated Defendants.  He also must either pay the $ 350.00 filing fee, or file a completed court- approved in forma pauperis application, for each separately-filed action.  See 28 U.S.C. § 1915.

**In the alternative,** Plaintiff may file notice that he wishes to proceed solely on Claim 1 – denial of single-cell status – and sever the remaining claims from the complaint.

**Failure to file a proper amended complaint, or notice to proceed on Claim 1 and sever remaining claims, in the time provided will result in the dismissal of this action without further notice to Plaintiff.**

1       2.       It is Plaintiff's responsibility to prosecute this case.  Plaintiff must

2   keep the Court informed of any change of address by filing a separate paper with the clerk

3   headed "Notice of Change of Address."  He must comply with the Court's orders in a

4   timely fashion or ask for an extension of time to do so.  Failure to comply may result in

5   the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

6          The Clerk shall enclose two copies of the court's form complaint with a copy of

7   this order to Plaintiff.

8

9   DATED: _____3/30/2012_____       _____

10                          EDWARD J. DAVILA
                         United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ZURI S. K. YOUNG,

                Plaintiff,

  v.

MATTHEW CATE, et al.,

                Defendants.

_____/

Case Number: CV11-02825 EJD

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____4/2/2012_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Zuri S.K. Young J-03193
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95532


Dated: _____4/2/2012_____

                      Richard W. Wieking, Clerk
               /s/By: Elizabeth Garcia, Deputy Clerk